IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DELILAH APARICIO, personal representative
of the estate of Mario Chapparro, and on behalf
of the estate of Mario Chapparro,**

                Plaintiff,

vs.                                                    CIV-05-262 MV/RLP

**JAGDEV SINGH; VAL CURRY; MICHAEL MAJORS;
JAVIER SIFUENTES; ERNEST GRANADOS;
JANA BOOKOUT; VIC JENKINS; all individually and
in their official capacities as officers and employees of the
Otero County Detention Center; VIRGINIA BLANSETT,
Individually and in her official capacity as jail administrator,
for the Otero County Detention Center; and CLARISSA
McGINN; DOUG MOORE; MICHAEL NIVISON, all in
their official capacities as county commissioners for the County
of Otero; and the COUNTY OF OTERO, NEW MEXICO,**

                Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
COUNTY DEFENDANTS' MOTION TO EXCLUDE EXPERT WITNESSES
AND AWARDING SANCTIONS AGAINST PLAINTIFF**

The matter before the court is the Motion of the County Defendants to Exclude Expert Witnesses identified by Plaintiff after the deadline for disclosure. [Docket No. 45].

*Background*

Plaintiff filed her Complaint in this action on March 10, 2005, seeking redress under Eighth and Fourteenth Amendments and 42 U.S.C.A.§1983, for the death by suicide of Mario Chapparo while an inmate at the Otero County Detention Center.

Pursuant to the Provisional Discovery Plan entered August 17, 2005, Plaintiff was required to provide reports from her retained experts by October 17, 2005. [Docket No. 16]. On October

24, 2005, Plaintiff mailed a Notice of Expert Witness and Report to counsel for the County Defendants, disclosing an expert economist. [Docket No. 25; Docket No. 46 ¶¶1-3]. It is uncontested that the experts who are the subject of this Motion, Gary L. Jackson, D.O. and Eric Mason Westfried, Ph.D., were not identified at that time.

On November 23, 2005, the County Defendants met their Rule 26(a)(2) obligation, disclosing their expert witness on liability issues and providing the witness's report. [Docket No. 28].

On December 14, 2005, Plaintiff notified the County Defendants of additional expert witnesses [Docket No. 34], and on December 28, 2005, sent a notice to Defendants identifying Drs. Jackson and Westfried as experts. No expert witness report for either individual was provided [Docket No. 34; Docket No. 45, Ex. B. As of March 2, 2006, the date of filing her Response to Defendants' Motion, Plaintiff still had not provided reports of these experts. On March 29, 2006 Plaintiff filed a certificate indicating she served Dr. Westfried's expert witness report on Defendants on that day. [Docket No. 57]. There is no indication that any report for Dr. Jackson has been provided.

*Analysis*

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose all expert witnesses without waiting for a discovery request, and requires that an expert witness report prepared and signed by the expert be provided for all specially retained or employed expert witnesses.[1] If a

---

[1] The expert witness report must contain ". . . a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

party fails to make disclosures required by F.R.Civ.P.26(a), the court must determine whether there is substantial justification for that failure and whether the failure to disclose was harmless before imposing sanctions pursuant to F.R.Civ.P.37(c)(1). Nguyen v. IBP, Inc., 162 F.R.D. 675, 679-80 (D. Kan. 1995). Factors guiding the court's discretion in considering appropriate sanctions are: (1) the prejudice or surprise to the party against whom the testimony is offered, (2) the ability of the party to cure the prejudice, (3) the extent to which introducing such testimony would disrupt the trial, and (4) the moving party's bad faith or willfulness. Woodworker's Supply Inc, v. Principal Mutual Life Insurance Co., 170 F.3d 985, 993 (10th Cir. 1999).

Plaintiff attempts to justify her tardy and inadequate Rule 26 disclosures by stating that she did not believe expert testimony on liability issues was necessary until she reviewed the report of Defendants' expert. [Docket No. 46, ¶¶1-3]. Plaintiff requests that her deadline for disclosing experts and their reports be extended, or alternatively, that this court predetermine that the opinions of Drs. Jackson and Westfried qualify as rebuttal evidence.

I find that Plaintiff failed to disclose retained experts in accordance with Rule 26(a)(2) and the deadline established in the Provisional Discovery Plan. I further find that Plaintiff made a conscious decision not to retain or disclose experts on liability issues. There can be little doubt that the necessity of expert testimony should have been anticipated by Plaintiff. See Zuchel v. Denver, 997 F.2d 730 (10th Cir. 1993) (expert testimony appropriate in a §1983 case on issue of adequacy of police training and standard police customs and practices); Dawes v. Pellechia 688 F.Supp. 842, 845 (E.D. N.Y. 1988) (Although expert testimony is not necessarily required in a §1983 action, the lack thereof can prove dispositive.).

I find that Plaintiff has not established substantial justification for failing to meet her Rule 26

3

(a) (2) disclosure deadline. For purposes of Rule 37(c)(1):

> Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance.

Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan. 1995).

No reasonable person could differ as to whether Plaintiff was required to disclose experts on liability issues pursuant to Rule 26(a), and at the time designated in the Provisional Discovery Plan.

I find that Plaintiff's failure to timely disclose her liability experts was not harmless. Noncompliance is harmless only when there is no prejudice to the opposing party. In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 653 (D. Kan. 1996). The term "harmless" is included in F.R.Civ.P. 37 to cover such situations as "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party, or the lack of knowledge of a pro se litigant of the requirement to make disclosures." F.R.Civ.P. 37(c) advisory committee's note (1993 amend.). Plaintiff's conduct of listing no liability expert witnesses, and thereby providing no expert witness reports until after receipt of the same from Defendants, is a form of sandbagging, a tactic rejected in this District. Beller v. U.S., 221 F.R.D. 696, 701 (D. N.M. 2003), citing Resolution Trust Corp. v. Gregory, D.N.M. No. CIV 94-0052. Defendants did not have the benefit of evaluating the reports of Plaintiff's proposed experts before engaging and/or supplying information for review by their own expert. Defendants did not have Plaintiff's experts' reports at the settlement conference conducted in the matter on January 10, 2005. The submission of expert witness reports by Plaintiff more than five months after the deadline for doing so, and within a week of the April 5, 2006, deadline for the filing

4

of dispositive motions necessarily impacts the preparation of those motions, and the court is aware that significant attorney time and effort has probably been expended by Defendants in preparing this motion without the benefit of the report and deposition of Plaintiff's expert. Defendants may require more time to develop additional expert testimony to counter specific opinions offered by Plaintiff's experts. All motion practice deadlines may have to be reset. Trial in this matter, however, is not imminent, and is currently scheduled for October 23, 2006. Further, there is a pending motion to set aside Default Judgment that was entered against a non-county defendant. If that Motion is granted by the District Judge a new discovery plan will necessarily be required.

The primary goal of Rule 37 sanctions is to deter misconduct. The selection and imposition of sanctions lies within the sound discretion of the court. Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co., 170 F.3d 985, 993 (10th Cir. 1999); Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). "The sanction imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer." Sender v. Mann, 225 F.R.D. 645, 657 (D. Colo. 2004), quoting Hite v. The PQ Corp. 1998 WL 895893, *2 (D. Kan.1998). After considering the Woodworker's factors and the objectives underlying Rule 37(c), I find that the appropriate sanction is as follows:

(1) Gary L. Jackson, D.O. is stricken from Plaintiff's expert witness list.

(2) Eric Mason Westfried, Ph.D. is not stricken from Plaintiff's expert witness list, provided:

(a) Dr. Westfried is made available for deposition on or before May 1, 2006, and

(b) The following costs associated with the deposition of Dr. Westfried will be paid by Plaintiff: Dr. Westfried's fee for preparing for and providing deposition testimony

and court reporter's fees for the original of his deposition.

(3)　Defendants will be permitted until May 31, 2006 within which to designate any additional expert witnesses to address Dr. Westfried's testimony.

(4)　Discovery deadlines are not otherwise reopened or extended.

(5)　The deadline for filing dispositive motions is extended to June 23, 2006.

(6)　Plaintiff's counsel shall pay to the County Defendants the sum of $1,000.00 as attorney's fees incurred in the bringing of this motion.  These costs shall be paid on or before April 17, 2006.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge