IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DELILAH APARICIO, personal representative
of the estate of Mario Chapparro,

      Plaintiff,

v.                                                  No. CIV-05-262 MV/RLP

JAGDEV SINGH; VAL CURRY; MICHAEL MAJORS;
JAVIER SIFUENTES; EARNEST GRANADOS;
JANA BOOKOUT; VIC JENKINS; all individually and
in their official capacities as officers and employees of the
Otero County Detention Center, VIRGINIA BLANSETT,
individually and in her official capacity as jail administrator
for the Otero County Detention Center, and CLARISSA McGINN;
DOUG MOORE; MICHAEL NIVISON, all in their official
capacities as county commissioners for the County of Otero;
and THE COUNTY OF OTERO, NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Singh's Motion to Set Aside Order of Default and to Allow Defendant to Answer (Doc. No. 49, filed March 10, 2006). The Court, having reviewed the submissions of the parties and the relevant law, shall **GRANT** Defendant's Motion.

**Background**

Plaintiff filed her Complaint, (Doc. No. 1), on March 5, 2006. The Return of Service, (Doc. No. 12, filed March 28, 2005), indicates that Defendant Singh, a medical doctor, was served on March 17, 2005, via delivery of the summons and complaint to a nurse/secretary in Defendant's office. On November 30, 2005, Plaintiff filed her motion for default against Defendant Singh based on his failure to respond or otherwise defend the suit. (*See* Doc. No. 29). The Court granted

Plaintiff's motion for default on December 9, 2005.  (*See* Doc. No. 32).

**Default Result of Excusable Neglect**

The Court will set aside the default judgment against Defendant Singh, (Doc. No. 32, filed December 9, 2005). *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996) (Fed. R. Civ. P. 60(b)(1) allows the court to relieve a party from a judgment upon a showing of a party's excusable failure to comply with procedural rules).  Here Defendant Singh failed to timely file an answer to Plaintiff's Complaint which was delivered to Defendant Singh's receptionist, who was not authorized to accept service, and was not delivered to Defendant Singh personally.  (*See* Mot. Ex. A, ¶15).  In his affidavit, Defendant Singh stated that he never received a copy of the summons and complaint, and had no knowledge that this suit had been filed against him, until February 20, 2006, when he received a letter from the attorney for the other defendants in this case notifying him that an order of default had been entered against him.  (*See* Mot. Ex. A, ¶¶ 17-18). The Court finds that Defendant Singh's neglect in responding to the Complaint is excusable. *See Wallace v. McManus*, 776 F.2d 915, 917 (10th Cir. 1985) (finding "excusable neglect" when a *pro se* prisoner let an appeal deadline lapse after notice of the entry of judgment was sent to her former attorney rather than to her); *see also Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (Rule 60(b) should be liberally construed when substantial justice will thus be served and strong policies favor resolution of disputes on their merits).

**Meritorious Defense**

The Court finds that Defendant Singh has a meritorious defense. *See United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993) (in addition to demonstrating excusable neglect, a party moving to set aside a default judgment must also have a meritorious defense).  In determining

whether Defendant Singh has demonstrated a meritorious defense, the Court "examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action [and] the movant's version of the facts and circumstances supporting his defense will be presumed to be true." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978); *see also Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (mere allegations that a defense exists, without the support of facts underlying the defense, will not sustain the burden of the defaulting party under Rule 60(b)).

Plaintiff in this case is the personal representative of the estate of Mario Chapparro who was an inmate at the Otero County Detention Center from June, 2003, until his death by suicide in July, 2004. (Compl. ¶¶ 3, 14, 53). Defendant Singh was a medical doctor contracted to provide medical care to inmates incarcerated at the Otero County Detention Center. (Compl. ¶ 4). Plaintiff alleges that Defendant Singh failed to provide adequate medical treatment to Mr. Chapparro. (Compl. ¶ 59).

Defendant Singh has demonstrated a meritorious defense by alleging specific facts which, if true, constitute a valid defense. Defendant Singh states that he does not recall ever seeing Mr. Chapparro or ever being advised that Mr. Chapparro needed or wanted medical care. (Mot. Ex. A ¶¶ 10, 22). Defendant Singh's lack of knowledge of Mr. Chapparro's medical needs is a valid defense to Plaintiff's allegations that Defendant Singh violated Mr. Chapparro's constitutional rights by *intentionally* withholding medical treatment. (*See* Compl. ¶¶ 68-69). Defendant Singh also states that he terminated his contract to provide medical services in February, 2004, and, therefore, was under no obligation to provide medical treatment after February, 2004. (Mot. Ex. A ¶¶ 9, 22). The fact that Defendant Singh was not under contract to provide medical services after February, 2004, is a valid defense to the negligence allegations for any constitutional violations and injuries that occurred

between February and July, 2004.  (*See* Compl. ¶¶ 36-53, 78).

**No Prejudice to Plaintiff**

Plaintiff asserts that she will be prejudiced by setting aside the default judgment because the trial, scheduled for October 23, 2006, will be postponed, discovery deadlines have elapsed, and she will incur additional costs to do additional discovery.  (Resp. at 4-5).  Plaintiff does not allege prejudice other than time delay, discovery difficulties, and increased costs.  (Resp. at 5).

The Court is not persuaded that the prejudice, if any, to Plaintiff outweighs the Court's duty to ensure that this case is resolved fairly.  *See Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (Rule 60(b) seeks to strike a balance between the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts).  Plaintiff's assertion that she will be prejudiced by delay is unconvincing.  Plaintiff, who "believed" she had properly served Defendant Singh on March 17, 2005, could have moved for default judgment in early April but did not do so until November 30, 2005, approximately seven and a half months after Defendant Singh should have served his answer.  *See* Fed. R. Civ. P. 12(a)(1)(A) (defendant shall serve an answer within 20 days after being served with the summons and complaint).  As for the "discovery difficulties" resulting from the lapsed discovery deadlines, Plaintiff shall have 21 days from the date of entry of this order to file a motion proposing new discovery deadlines.

**Dismissal of Claims against Defendant Singh for Plaintiff's Failure to Submit her Claims to the New Mexico Medical Review Commission**

Defendant Singh also argues that Plaintiff's Complaint should be dismissed because Plaintiff failed to submit her claim to the New Mexico Medical Review Commission as required by the New

Mexico Medical Act. (Mot. at 3-5). In his motion for summary judgment, (Doc. No. 64, filed April 5, 2006), Defendant Singh renewed his request that Plaintiff's claims against him be dismissed for Plaintiff's failure to submit her claim to the New Mexico Medical Review Commission. The Court will not, at this time, determine whether Plaintiff's claims against Defendant Singh should be dismissed, but will do so in a subsequent opinion addressing Defendant Singh's pending motion for summary judgment.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2006.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Timothy L. Rose
Gary C. Mitchell
P.O. Box 2460
Ruidoso, NM 88355

*Attorneys for Defendant Singh:*

Stephan M. Vidmar
James R. Wood
P.O. Box 25689
Albuquerque, NM 87125-0689

5